IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-11-2937 |
| | § | |
| AFFORDABLE HOUSING OF | § | |
| KINGSVILLE II, LTD., CAPSTONE REAL | § | |
| ESTATE SERVICES, INC., SALLY REYES, | § | |
| and STEADFAST INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendant Steadfast Insurance Company's Motion for Partial Summary Judgment (Document No. 31), Defendants Capstone Real Estate Services, Inc.'s and Sally Reyes' Motion for Partial Summary Judgment (Document No. 32) and Plaintiff's James River Insurance Company's Motion for Summary Judgment (Document No. 35). Having considered the motions for summary judgment, the responses and additional briefing, the insurance policies at issue in this case, the allegations in the underlying state court action, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants Capstone Real Estate Services, Inc.'s and Sally Reyes' Motion for Partial Summary Judgment (Document No. 32) be GRANTED and that Defendant Steadfast Insurance Company's Motion for Partial Summary Judgment (Document No. 31), and Plaintiff's James River Insurance Company's Motion for Summary Judgment (Document No. 35) be GRANTED in PART and DENIED in PART.

I. **Background and Procedural History**

This is a declaratory judgment case. It was filed in this Court by Plaintiff James River Insurance Company ("James River"), which seeks a declaration that it has no duty to defend or indemnify either Defendant Capstone Real Estate Services, Inc. ("Capstone") or Defendant Sally Reyes ("Sally Reyes") in an underlying state court action, and that it is Defendant Steadfast Insurance Company ("Steadfast") which has a duty to defend and indemnify Defendant Affordable Housing of Kingsville II, Ltd. ("Affordable Housing") in the same underlying state court action. Steadfast has filed a counterclaim, seeking a declaration that it has no duty to defend or indemnify Affordable Housing.

The state court litigation which underlies this declaratory judgment action is styled *Barbara Fulbright v. MGroup Holdings, Inc., et al.*, Cause No. 09-391-D, and is pending in the 105th District Court of Kleberg County, Texas (referred to hereafter as "underlying state court case"). In that underlying state court case, Barbara Fulbright, individually and on behalf of Shamara Fulbright, alleges that Shamara Fulbright was sexually assaulted by Valentin Reyes, Jr. at the Kings Crossing Apartment complex in Kingsville, Texas. Fulbright alleges that Valentin Reyes, Jr. was a known sex offender, who had been allowed to live at the Kings Crossing Apartment complex by his aunt, Sally Reyes, the manager of the apartment complex. Fulbright alleges negligence, gross negligence and deceptive trade practices act claims against MGroup Holdings, Inc., Kings Crossing Apartments, Affordable Housing of Kingsville II, Ltd., Holcomb, Musemeche & Associates, Inc, and Capstone Real Estate Services, Inc.; and negligence claims against Sally Reyes.

Steadfast has filed a motion for partial summary judgment, seeking a determination that both Capstone and Sally Reyes are entitled to a defense under the insurance policy issued by James River

to MG group Holdings, Inc. (referred to hereafter as the "James River policy"), and that Affordable Housing is not entitled to a defense under the policy Steadfast issued to Capstone Member Services, LLC (referred to hereafter as the "Steadfast policy") (Document No. 31).  Capstone and Sally Reyes have likewise moved for partial summary judgment, seeking a determination that they are both entitled to a defense under the James River policy. (Document No. 32).  James River, in contrast, has filed a motion for summary judgment seeking declarations that: (1)  it has no duty to defend or indemnify either Capstone or Sally Reyes in the underlying state court action, and (2) Steadfast has a duty to defend Capstone, Sally Reyes and Affordable Housing in the underlying state court action; and (3) the Steadfast policy is "primary" in all respects. (Document No. 35).

II.     **Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[1] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**III.    Discussion**

With their motions for summary judgment, the parties essentially seek a declaration as to: (1) who is an insured under each policy; (2) who is entitled to a defense under each policy; and (3) which policy provides "primary" coverage for each insured.

This diversity case is governed by Texas law. *Gilbane Building Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011). Under Texas law, insurance contracts are generally interpreted as a matter of law, with a court's primary concern being "to give effect to the intentions of the parties as expressed by the policy language." *American Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir.

2001). If the policy provisions are not ambiguous, the policy will be construed as written, with undefined and operative terms being given their ordinary and usual meaning. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008); *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984). If the policy provisions are ambiguous, that is, they are subject to more than one reasonable interpretation, the provisions are construed against the insurer. *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003); *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997); *Schnabel v. Philadelphia Am. Life Ins. Co.*, 795 F. Supp. 816, 822-823 (S.D. Tex. 1992).

Two obligations arise under insurance contracts in Texas: a duty to defend, and a duty to indemnify. "[T]he two duties are distinct, and they are to be decided separately." *Gilbane*, 664 F.3d at 594. The duty to defend requires insurers to defend their insureds against claims that potentially fall within the terms of the policy. *Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993); *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965). Here, both the James River policy and the Steadfast policy state that the insurer has a duty to defend its insured(s) against any suit seeking "damages because of 'bodily injury' and 'property damage' to which [the] insurance applies." James River policy at p. 7 of 16 (Document No. 31-4 at 7 of 57); Steadfast policy at p. 1 of 16 (Document No. 31-5 at 7 of 94). Conversely, under each policy, there is no "duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which [the] insurance does not apply." *Id.* Thus, under the terms of both the James River policy and the Steadfast policy, for there to be a duty to defend, the party seeking a defense must be an insured *and* the lawsuit in which the defense is sought must seek damages "to which the insurance applies." *See generally Gilbane*, 664 F.3d at

5

594 (in determining whether an insurer has a duty to defend, two issues are considered: whether a party qualifies as an additional insured under the policy, and whether the facts alleged in the underlying state court action fall within the terms of the policy).

In determining who is an insured and whether the insurance "applies" to the claims against the insured, "Texas strictly follows the 'eight-corners rule.'" *Gilbane*, 664 F.3d at 596. Under the eight corner rule, courts look to the allegations in the pleadings in "light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof." *Heyden*, 387 S.W.2d at 24; *see also Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 691 (5th Cir. 2010) ("Texas follows the 'eight-corners rule,' in which "'an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations.'"). "The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *Zurich Am. Ins. Co. v. Nokia, Inc.,* 268 S.W.3d 487, 491 (Tex. 2008).

Under the "eight corners" rule, a duty to defend only arises if the allegations in the pleadings are "potentially" covered by the policy. *Id.*; *Heyden*, 387 S.W.2d at 24. If there is any doubt as to whether the allegations in the complaint state a claim that is covered by the policy, such doubt is to be resolved in favor of the insured. *Nokia*, 268 S.W.3d at 491 ("We resolve all doubts regarding the duty to defend in favor of the duty . . . and we construe the pleadings liberally"); *Heyden*, 387 S.W.2d at 26. Additionally, if there are insufficient allegations in the pleadings upon which to make a determination as to whether or not there is coverage, courts generally will find a duty to defend. *Nokia*, 268 S.W.3d at 491 (citing *Heyden*, 387 S.W.2d at 26). Finally, as long as one claim or

6

allegation in the pleadings is "potentially" covered by the insurance policy, the duty to defend arises. *Nokia*, 268 S.W.3d at 491.

While strict compliance with the eight-corners rule has been challenged, the Texas Supreme Court has not abandoned, limited, or provided a clear and explicit exception to the rule. In addition, most recently in *Gilbane*, the Fifth Circuit declined to recognize any such exception, even for facts outside the pleadings that everyone knew to be true. *Gilbane*, 664 F.3d at 601.

    A.    **James River Policy – Duty to Defend**

The James River policy names MGroup Holdings, Inc. as the insured. Document No. 31-4 at 1. Also named as insureds are "Affordable Housing of Kingsville, Ltd." and "Affordable Housing of Kingsville I Ltd dba King's Crossing." Document No. 31-4 at 50.[2] With respect to who is an additional insured, the James River policy provides as follows:

> Each of the following is also an insured.
>
> a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for: [certain enumerated but inapplicable bodily injury, personal and advertising injury or property damage].
>
> b. Any person (other than your "employee" or "volunteer worker") or any organization while acting as your real estate manager.

---

[2] In an Endorsement to the policy, Affordable Housing of Kingsville I Ltd. dba Kings Crossing is listed as an additional named insured. Document No. 31-4 at 50. The underlying state court action as well as in this case involves Affordable Housing of Kingsville II Ltd. No argument has been made, however, that the named insured endorsement in the James River policy does not pertain to Affordable Housing of Kingsville II Ltd.

James River policy Section II, 2. (Document No. 31-4 at 15). Under the eight-corners rule, this policy provision is to be viewed in connection with the policy as a whole, and the allegations in the underlying state court case.

In the underlying state court case, the allegations supporting Fulbright's negligence and gross negligence claims are set forth against the Defendants collectively. In particular, the Second Amended Petition identifies MGroup Holdings, Inc., Kings Crossing Apartments, Affordable Housing of Kingsville II, Ltd., Holcomb, Musemeche & Associates, Inc. and Capstone Real Estate Services, Inc., collectively, as "Property Defendants," and Sally Reyes as the on-site manager of the apartment complex. Plaintiff's Second Amended Petition at pp. 4-7 (Document No. 32-1 at 35-38). Given the allegations in the underlying state court action that Sally Reyes was the manager of the Kings Crossing apartment complex, and that she was "employed" by the Property Defendants, Sally Reyes falls within the additional insured provision of the James River policy. As for Capstone, while there is no specific allegation in the underlying state court case that it was acting as a real estate manager of the Kings Crossing apartment complex, the insurance policies at issue in this case generally identify Capstone as such. *See* Steadfast Policy (Document No. 31-5 at 2, 59). Thus, the allegations in the underlying state court action, construed liberally, coupled with the terms and provisions of the policies at issue, bring Capstone within the definition of an additional insured under the James River policy.

Whether James River is required to provide Capstone and Reyes a defense, however, depends on whether the James River insurance "applies" to the damages sought against Captsone and Sally Reyes in the underlying state court case. James River contends that it does not based on the following policy endorsement which excludes coverage for certain independent contractors:

> Coverage provided under this policy for "bodily injury", "personal and advertising injury" or "property damage" caused by acts of independent contractors/sub-contractors contracted by you or on your behalf shall not apply unless the contractor/subcontractor contracted by you or on your behalf maintains insurance coverage and limits of insurance equal to or greater than the insurance coverage and limits of insurance provided by this policy and naming you as an Additional Insured

Document No. 31-4 at 29. Capstone and Sally Reyes argue that this endorsement does not, when viewed in connection with the policy itself and the allegations in the underlying state court case, affect James River's duty to defend them.

The pleadings in the underlying state court case contain no allegations that Capstone and/or Sally Reyes were independent contractors or subcontractors of Affordable Housing. Rather, the allegations in the underlying state court action are that Sally Reyes was the manager of the Kings Crossing apartments and was an employee of the "Property Defendants." Plaintiffs' Second Amended Petition at 5 (Document No. 32-1 at 36). To reach a conclusion that either Capstone and/or Sally Reyes were independent contractors, the Court would have to look at evidence outside the pleading and outside the terms of the policy. Given that the Texas Supreme Court has not made a clear and specific exception to the eight-corners rule, this Court cannot consider extrinsic evidence when determining whether a duty to defend exists.[3] As such, upon consideration of the policies'

---

[3] In *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006), the Texas Supreme Court discussed the possibility of an exception to the eight corners rule for consideration of extrinsic evidence that is "relevant to an independent and discrete coverage issue not touching on the merits of the underlying third party claim." The Texas Supreme Court did not endorse or apply such an exception in *GuideOne*, and has not done so since. *See Interstate Fire & Cas. Co. v. Southern Tank Leasing, Inc.*, 2012 WL 1231738 at *2-*5 (S.D. Tex. 2012) (discussing *GuideOne* and Texas' strict adherence to eight- corners rule); *Energy Resources, LLC v. Petroleum Solutions Int'l LLC*, 2011 WL 3648083 at *6-*8 (S.D. Tex. 2011) (same). While some courts have used the possible exception discussed in *GuideOne* as a basis for considering extrinsic evidence, the extrinsic evidence considered in those cases was found to have no bearing on the merits of the underlying state court action. *See Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009) (considering, under the narrow exception discussion in *GuideOne*, extrinsic evidence that

terms and the allegations in the underlying state court action, and nothing more, Defendants Capstone and Sally Reyes are additional insureds under the James River policy to whom James River owes a duty to defend in the underlying state court action.

**B.    Steadfast Policy – Duty to Defend**

The Steadfast policy names Capstone Member Services, LLC and Capstone Real Estate Services, Inc. as insureds. Document No. 31-5 at 2, 23. As for additional insureds, the Steadfast policy provides in pertinent part:

> 2.   Each of the following is also an insured:
>
>   a.   Your "employees," other than your "executive officers," but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .
>
>   b.   Any person (other than your "'employee"), or any organization while acting as your real estate manager.

(Document No. 31-5 at 15). That policy provision was, however, amended by policy endorsement 43, to also include: "owners of managed properties." (Document No. 31-5 at 72). Affordable Housing, as the owner of the Kings Crossing apartments, a property managed by Capstone, falls within endorsement 43's amended definition of "who is an insured" under the Steadfast policy.

---

did not "implicate Williams' negligence in the underlying suit, [did] not contradict any of the allegations in the pleadings, and control[led] the question of policy coverage"); *Weingarten Realty Mgmt. Co. v. Liberty Mut. Fire Ins. Co.*, 343 S.W.3d 859, 865-870 (Tex. App.–Houston [14th Dist.] 2011) (considering extrinsic evidence where defendant was erroneously named and was a "stranger" to the policy). Here, however, given the allegations in the underlying state action of agency, respondeat superior and vicarious liability as against all the "Property Defendants," it cannot be said that the extrinsic evidence James River urges the Court to consider – a management agreement that purports to classify Capstone as an independent contractor – would have no effect on the merits of the underlying state court case and the theories of liability asserted therein. Thus, even if an exception along the lines of those discussed in *GuideOne* were endorsed by the Texas Supreme Court, such an exception would not be applicable in this case.

What Steadfast argues is not that Affordable Housing is not an insured under that endorsement, but that its insurance does not apply to the claims alleged against Affordable Housing in the state court case because the Kings Crossing Apartment complex was not effectively added or identified as a covered premises until October 7, 2007, *after* the incident made the basis of the underlying state court action.

The allegations in the underlying state court action are that Shamara Fulbright, on or about September 24, 2007, was sexually assaulted by Valentin Reyes, Jr. at the Kings Crossing apartments. Plaintiffs' Second Amended Petition at 5 (Document No. 32-1 at 36). While it is true that the Kings Crossing apartment complex was not effectively identified in the Steadfast policy as a premises managed by Capstone until October 1, 2007 (Document No. 31-5 at 59), the allegation that the assault took place "on or about" September 24, 2007, when construed liberally, is sufficiently indefinite and yet close enough in time to raise *potential* coverage for the claims against Affordable Housing under the Steadfast policy. *See Grand Prairie I.S.D. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) ("The term 'on or about' means a date of approximate certainty, with a possible variance of a few days."); *Fortner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 687 S.W.2d 8, 11 (Tex. App.–Dallas 1984, writ ref'd n.r.e.) ("The term 'on or about' with respect to a specified date, means generally in time around the date specified."); BLACKS LAW DICTIONARY 9th ed. 2009 (on or about: "Approximately; at or around the time specified"). As such, Affordable Housing is an additional insured under the Steadfast policy to whom Steadfast owes a duty to defend.[4]

---

[4] Steadfast's argument that additional language in Endorsement 43 places Affordable Housing outside the coverage available under the Steadfast policy also fails. That part of Endorsement 43 relied upon by Steadfast states:
> Who is an Insured (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of

### C. Primary/Excess Coverage

James River and Steadfast each argue that any coverage provided by their respective policies for the claims in the underlying state court case is excess, not primary. Whether an insurance policy provides primary versus excess coverage generally relates to an insurer's duty to indemnify. *See Trinity Universal*, 592 F.3d at 695 ("The 'other insurance' clause applies only to the duty to indemnify, not the duty to defend."). Here, James River's argument that it has no duty to indemnify Capstone and Sally Reyes is based on the same argument it made with respect to the duty to defend. As that duty to defend argument was rejected upon application of the eight-corners rule, summary judgment is not available on the indemnification issue. Moreover, because indemnification issues generally depend "on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the polic[ies]," *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 744 (Tex. 2009), the indemnification and primary/excess coverage issues raised by James River and Steadfast in their motions for summary judgment are premature. *See Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) ("the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit only when

---

> insured operations or managed properties or premises owned by or rented to you.
>
> Also, the insurance provided by this policy will be primary and non-contributory insurance, but only as respects a claim, loss or liability arising out of insured operations or managed properties or work on behalf of you performed under an "insured contract" between you and the person or organization shown in the Schedule above, that requires you to include them as an additional insured.

(Document No. 31-5 at 72). Contrary to Steadfast's argument, the first sentence brings Affordable Housing within the coverage afforded by the Steadfast policy. Affordable Housing, as an owner of property managed by Capstone, faces claims in the underlying state court action "arising out of . . . managed properties." Moreover, the second sentence does not exclude coverage, but only sets forth when coverage under the Steadfast policy will be primary.

the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*.") (emphasis in original); *see also e.g., Willbros RPI, Inc. v. Continental Cas. Co.*, 601 F.3d 306, 313 (5th Cir. 2010) (finding no error in the district court's determination that the indemnity issues were not justiciable where underlying state court case had not been resolved).

### IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that Capstone and Sally Reyes are additional insureds under the James River policy to whom James River owes a duty to defend and that Affordable Housing is an additional insured under the Steadfast policy to which Steadfast owes a duty to defend, the Magistrate Judge

RECOMMENDS that Defendants Capstone Real Estate Services, Inc.'s and Sally Reyes' Motion for Partial Summary Judgment (Document No. 32) be GRANTED, that Defendant Steadfast Insurance Company's Motion for Partial Summary Judgment (Document No. 31) and Plaintiff's James River Insurance Company's Motion for Summary Judgment (Document No. 35) each be GRANTED in PART and DENIED in PART, and that the Court declare that: (1) Capstone and Sally Reyes are additional insureds under the James River policy to whom James River owes a duty to defend; and (2) Affordable Housing is an additional insured under the Steadfast policy to which Steadfast owes a duty to defend.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order

80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of April, 2012.

_____
Frances H. Stacy
United States Magistrate Judge